UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MALCOLM BRUCE WESTCOTT,             )
                                    )
                 Plaintiff,         )
                                    )
       v.                           )    Civil Action No. 09-0401 (RBW)
                                    )
THE HONORABLE JOHN M. MCHUGH,       )
Secretary of the Army,              )
                                    )
                 Defendant.         )
_____ )

# MEMORANDUM OPINION

The plaintiff, Malcolm B. Westcott, asserts claims under the Privacy Act, 5 U.S.C. § 552a(g)(1) (2006), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (2006), against John M. McHugh, in his official capacity as Secretary of the Army, seeking the removal or revision of a General Officer Memorandum of Reprimand contained in his official military records. Second Amended Complaint ("Am. Compl.") at ¶¶ 198, 206, 217. The defendant's motion to dismiss, or in the alternative, for summary judgment, and the plaintiff's cross-motion for summary judgment are currently before the Court. After carefully considering the parties' submissions,[1] the Court concludes for the reasons that follow that it must deny the defendant's

---

[1] In addition to the documents already referenced, the Court considered the following filings in rendering its decision: (1) the Memorandum of Points and Authorities in Support of Defendant's Partial Motion to Dismiss or In the Alternative, For Summary Judgment ("Def.'s Mem."); (2) the Defendant's Statement of Material Facts Not In Genuine Dispute, ECF No. 21-1 ("Def.'s Facts"); (3) the Defendant's Supplemental Statement of Material Facts Not In Genuine Dispute ("Def.'s Supp. Facts"); (4) the Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or for Summary Judgment and in Support of His Cross-Motion for Summary Judgment ("Pl.'s Mem."); (5) the Plaintiff's Responses to Defendant's Statement of Material Facts Not In Genuine Dispute and Counter-Statement of Material Facts Not In Genuine Dispute ("Pl.'s Facts"); (6) the Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply in Support of Defendant's Motion to Dismiss and for Summary Judgment ("Def.'s Reply"); (7) the Defendant's Reply to Plaintiff's Responses to Defendant's Statement of Material Facts Not In Genuine Dispute and Defendant's Responses to Plaintiff's Counter-Statement of Material Facts Not In Genuine Dispute ("Def.'s Reply Facts"); (8) the Plaintiff's Response to Defendant's Opposition to His Cross-Motion for Summary Judgment and Reply in Support of His Cross-Motion for Summary Judgment ("Pl.'s Reply"); (9) the Plaintiff's Responses to Defendant's Supplemental Statement of

(continued . . .)

motion to dismiss, grant in part and deny in part the defendant's motion for summary judgment, and deny the plaintiff's motion for summary judgment.

## I. BACKGROUND

The plaintiff served thirty-five years in the United States Army, retiring in 2003 at the rank of Colonel. Pl.'s Facts ¶ A1; Def.'s Facts at 1 ¶ 1. From 1997 until his retirement, he served in the Office of the Chief of Army Reserve. Pl.'s Facts ¶ A2; Def.'s Facts at 1 ¶ 2. In February 2001, the Department of the Army Inspector General ("Inspector General") initiated an investigation into allegations regarding the plaintiff's role in securing and monitoring "a $100,000 'task order' addition to an existing contract between the Army and SY Technologies, Inc. ("SY Tech"), a private defense contractor." Pl.'s Facts ¶¶ A3, B5; Def.'s Facts at 1–2 ¶ 3; Def.'s Reply Facts ¶ 5. The Inspector General subsequently issued a report "substantiat[ing] the allegation that [Colonel] Westcott had negligently performed his duties as a contracting officer's technical representative [("Technical Representative")]" with respect to the $100,000 task order addition to the SY Tech contract with the Army. Pl.'s Facts ¶ B8; Def.'s Reply Facts ¶ 8.

On October 19, 2001, General John M. Keane, then Vice Chief of Staff of the Army Reserve, issued a General Officer Memorandum of Reprimand ("Reprimand") to the plaintiff. A.R. at 000019–20; see also Pl.'s Facts ¶ 4; Def.'s Facts at 2 ¶ 4. The Reprimand stated in pertinent part:

> You are reprimanded for your negligence, which gave rise to an appearance that your personal interests clouded your professional diligence and judgment.

---

(. . . continued)
Material Facts Not In Genuine Dispute ("Pl.'s Reply Facts"); and (10) the Administrative Record, which is comprised of the defendant's first administrative record submission ("A.R."), ECF No. 17, the plaintiff's supplement to the administrative record ("A.R. Supp."), ECF Nos. 14-1, 14-2, and 14-3, the defendant's first supplement to the administrative record ("2d A.R. Supp."), ECF No. 22-1, and the defendant's second supplement to the administrative record ("3d A.R. Supp."), ECF No. 58-1. All citations to the administrative record will use the pagination of the particular submission.

> You and your former Chief . . . had a long-standing professional and personal relationship. . . . In the last months of the [Chief's] assignment to active duty, you worked as the [Technical Representative] for SY TECH . . . . In early 1998, the [Chief] identified a need for senior officer training. Only days before the [Chief] left active duty, you were instrumental in obtaining approximately $100,000 for a task order to SY TECH for general [Army Reserve] force development support. Within the first week of the former [Chief] beginning employment with SY TECH, you were involved in approving a plan and coordinating funding for SY TECH's projected fiscal year contract support that, for the first time, included the senior officer training. You were thus in charge of monitoring the task order for the project that was the initiative of your former boss and from which he would ultimately profit as the contractor's employee.
>
> Your perfunctory approach to your duties gave rise to the appearance that your loyalties lay less with the U.S. Army and more with your former boss. Specifically you did not adequately monitor a SY TECH billing that did not properly reflect the significant hours that your former boss had worked on the project. You failed to note in your January 1997[2] quarterly performance evaluation a senior leadership training seminar—a key aspect of the task order—that your former boss developed and presented. Finally, and most troubling, you allowed SY TECH representatives to prepare and submit their own evaluations. Because these evaluations affected their payments under the task order, you effectively allowed SY TECH to write its own check.
>
> As a senior officer you are expected to pursue all of your duties with the utmost diligence. Your performance as a [Technical Representative] fell far short of this standard. Moreover, your failure to perform your [Technical Representative] duties may have resulted in the award of fees that did not accurately reflect the contractor's performance and created a perception of impropriety and misdirected loyalty. Your casual attitude toward your duties demonstrates—at best—a troubling disregard for the special trust and confidence expected of an officer of your grade and position.

A.R. at 000019. The Reprimand indicated that General Keane "intend[ed] to file this reprimand permanently in [the plaintiff's] official military personnel file" and advised the plaintiff that he would consider any materials the plaintiff wished to submit in response before making a final decision. A.R. at 000020.

The plaintiff submitted a rebuttal to General Keane which included affidavits from

---

[2] A later memorandum from General Keane indicates that the year included here is a typographical error and should be 1999. See A.R. at 000050.

3

various individuals involved in the underlying events. See A.R. at 000021–49; see also Def.'s Facts at 6 ¶ 17. On May 31, 2002, after "carefully consider[ing] the nature of [the plaintiff's] misconduct and [his] rebuttal to the [Reprimand]," General Keane approved the placement of the Reprimand in the plaintiff's personnel file. A.R. at 000050; see also Def.'s Facts at 6 ¶ 18; Pl.'s Facts ¶ B25.

The plaintiff subsequently filed appeals with the Department of the Army Suitability Evaluation Board and the Army Board for the Correction of Military Records ("ABCMR") seeking the removal of the Reprimand, both of which were denied. Def.'s Facts at 7 ¶ 23, 8 ¶¶ 26–27; see also Pl.'s Facts ¶ B26; Am. Compl. ¶¶ 7–8. The plaintiff then commenced the current litigation. After the ABCMR again denied the plaintiff's appeal upon remand by this Court, Pl.'s Facts ¶¶ A5–6; Def.'s Facts at 2 ¶¶ 5–6, the parties filed cross-motions for summary judgment. The Court rejected the defendant's argument that de novo review of the plaintiff's Privacy Act claim was inappropriate, ECF No. 32 at 4 n.2, and held that numerous disputes of material fact precluded entry of summary judgment on the plaintiff's Privacy Act claim, id. at 6–7. In the interest of judicial economy, the Court held the plaintiff's APA claim in abeyance pending resolution of the Privacy Act claim. Id. at 7.

The defendant moved for reconsideration of the Court's decision, arguing that the plaintiff could not seek to challenge his Reprimand through the Privacy Act and that even if he could, he had failed to exhaust his administrative remedies as to this claim. See ECF No. 45 at 3–4, 5–6. The Court reiterated its belief that "the Privacy Act is an appropriate vehicle for the plaintiff to pursue his claims for the amendment of the Memorandum of Reprimand" but found that the plaintiff had not exhausted his administrative remedies. Id. at 4–6. The Court again held the plaintiff's APA claim in abeyance while the plaintiff returned to the Department of the Army

to pursue his administrative remedies. Id. at 7.

Pursuant to the Court's order, the plaintiff filed a request with the Army Human Resources Command ("Command") for amendment or removal of the Reprimand pursuant to the Privacy Act. Pl.'s Reply Facts ¶ 1; Def.'s Supp. Facts ¶ 1; 3d Supp. A.R. at 000005–06. Following the Command's denial of his request, the plaintiff appealed the decision to the Department of the Army Privacy Review Board ("Privacy Review Board"), which also denied his appeal. Pl.'s Reply Facts ¶¶ 5–6; Def.'s Supp. Facts ¶¶ 5–6; 3d A.R. Supp. at 000001.

Asserting that he had now exhausted his administrative remedies, the plaintiff filed an amended complaint. See Am. Compl. ¶¶ 15–19. The defendant now moves to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim under the Privacy Act, and in the alternative, for summary judgment on the plaintiff's claims, and the plaintiff also moves for summary judgment.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12

Rule 12(b)(1) allows a party to move to dismiss "for lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). When a defendant moves to dismiss under Rule 12(b)(1), "the plaintiff[] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." Biton v. Palestinian Interim Self-Gov't Auth., 310 F. Supp. 2d 172, 176 (D.D.C. 2004); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [a] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation omitted). "Although 'the District Court may in appropriate

cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

A Rule 12(b)(6) motion tests whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff receives the "benefit of all inferences that can be derived from the facts alleged." Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation and internal quotation marks omitted). But raising a "sheer possibility that a defendant has acted unlawfully" fails to satisfy the facial plausibility requirement. Iqbal, 556 U.S. at 678. Rather, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in the complaint, conclusory allegations "are not entitled to the assumption of truth." Id. at 679.

**B. Federal Rule of Civil Procedure 56**

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," based upon the depositions, affidavits, and other factual materials in the record. Fed. R. Civ. P. 56(a), (c). A fact is "material" if it "might affect the outcome of the suit under the

governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). And "a dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Arrington v. United States, 473 F.3d 329, 333 (D.C. Cir. 2006) (quoting Anderson, 477 U.S. at 247). The moving party bears the initial burden of showing the absence of a disputed material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. "Although summary judgment is not the occasion for the court to weigh credibility or evidence, summary judgment is appropriate 'if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Talavera v. Shah, 638 F.3d 303, 308 (D.C. Cir. 2011) (citations omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a [reasonable] jury to return a verdict for that party." Anderson, 477 U.S. at 249. In making this assessment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party and the court must draw all reasonable inferences in favor of the nonmoving party." Talavera, 638 F.3d at 308 (citing Anderson, 477 U.S. at 255).

"Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." Loma Linda Univ. Med. Ctr. v. Sebelius, 684 F. Supp. 2d 42, 52 (D.D.C. 2010) (citing Stuttering Found. of Am. v. Springer, 498 F. Supp. 2d 203, 207 (D.D.C. 2007), aff'd, 408 F. App'x 383 (D.C. Cir. 2010)); see also Richards v. INS, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977). But due to the limited role of a court in reviewing the administrative record, the typical summary judgment standards set forth in Federal Rule of Civil Procedure 56 are not applicable

7

to the plaintiff's APA claim. See Stuttering, 498 F. Supp. 2d at 207. Rather, "[u]nder the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas 'the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'" Id. (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769–70 (9th Cir. 1985)). In other words, "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal," and "[t]he 'entire case' on review is a question of law." Am. Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (footnote and citations omitted).

## III. ANALYSIS

### A. Dismissal for Lack of Subject Matter Jurisdiction

The defendant renews his argument that the plaintiff's Privacy Act claim must be dismissed because he has again failed to exhaust his administrative remedies. Def.'s Mem. at 12. First, the defendant argues opaquely that the plaintiff "did not request an amendment pursuant to [Army Regulation 340-21]" without providing any further detail as to the manner in which the defendant believes that the plaintiff failed to properly request an amendment pursuant to Army Regulation 340-21. See Def.'s Mem. at 14. As the plaintiff asserts and the administrative record confirms, the plaintiff submitted a request for amendment to the Army Human Resources Command, which denied his request and notified him of his right to appeal that determination to the Privacy Review Board. See 3d A.R. Supp. at 000005–06. In accordance with the Army's instructions, the plaintiff subsequently appealed his denial to the Privacy Review Board, who also denied his request for amendment and informed him of his right to seek judicial review of the decision. See id. at 000001. The Court fails to discern how the plaintiff's actions do not

8

comport with the process set forth in Army Regulation 340-21.

The defendant then argues that the plaintiff has appealed only one of four bases for the Command's decision and so his request for amendment or removal of the Reprimand is futile because even if he were successful before this Court, the other three bases for the decision would remain, thereby preventing amendment or removal of the Reprimand. Def.'s Mem. at 12–15. The Court rejects this restrictive reading of the underlying administrative decisions at issue here. The four "bases" identified by the defendant are the four individual sentences of the regulation quoted by the Command in its decision. See Def.'s Mem. at 12–13. Although the Command's decision is not a model of clarity, the Court interprets its quotation of the portions of 32 C.F.R. § 505.6 which address matters that are not subject to amendment to indicate its general position that the Reprimand here is exempt from amendment under the Privacy Act. And indeed, contrary to the defendant's argument, the Privacy Review Board itself did not interpret the Command's decision or the plaintiff's appeal to pertain to only one of the four sentences quoted from the regulation. Rather, the Privacy Review Board found simply that the evidence submitted by the plaintiff did not satisfy the general standard for amendment articulated in 32 C.F.R. § 505.6(a)(2). 3d A.R. Supp. at 000001. The Court thus finds that the plaintiff's argument to the Privacy Review Board that "federal courts do authorize the amendment of judgments and opinions where those judgments and opinions are based on demonstrably incorrect or inaccurate facts" to sufficiently address the grounds of the Command's decision. Id. at 000003. Accordingly, the plaintiff has exhausted his administrative remedies concerning his Privacy Act claim.

**B. Dismissal for Failure to State a Claim Upon Which Relief May Be Granted**

Despite this Court's conclusion on two prior occasions that the Privacy Act is an

9

appropriate vehicle to challenge the Reprimand included in the plaintiff's records, see ECF No. 32 at 3–5; ECF No. 45 at 3–4, the defendant raises several arguments regarding the amended complaint's sufficiency under Federal Rule of Civil Procedure 12(b)(6).  By way of review, the Privacy Act provides that "[e]ach agency that maintains a system of records shall . . . maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  The Privacy Act provides a civil remedy "[w]henever an agency . . . makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection."  5 U.S.C. § 552a(g)(1)(A).  In other words, "[S]ubsection (g)(1)(A) provides for the correction of any inaccurate or otherwise improper material in the record."  Doe v. Chao, 540 U.S. 614, 618 (2004).

As a general matter, however, the Privacy Act merely "allows for the correction of facts[,] but not correction of opinions or judgments."  McCready v. Nicholson, 465 F.3d 1, 19 (D.C. Cir. 2006) (internal quotation marks omitted).  Nonetheless, where "a subjective judgment is based on a demonstrably false factual premise[,] . . . the Privacy Act compels the agency to correct or remove the judgment from the complaining individual's record."  Mueller v. Winter, 485 F.3d 1191, 1197 (D.C. Cir. 2007) (citation and internal quotation marks omitted).  Furthermore, an agency may not refuse a request to revise or expunge even prior professional judgments once all the facts underlying such judgments have been thoroughly discredited.  R.R. v. Dep't of Army, 482 F. Supp. 770, 774 (D.D.C. 1980) ("It would defy common sense to suggest that only factually erroneous assertions should be deleted or revised, while opinions based solely on these assertions must remain unaltered in the individual's official file.").

The defendant first argues that the amended complaint "does not specify which demonstrable facts underlying [the Reprimand's] findings were inaccurate" or that the facts underlying other documents in the record were inaccurate in order to warrant relief under the Privacy Act. Def.'s Mem. at 16–18. A cursory examination of the plaintiff's amended complaint, however, reveals that the plaintiff alleges that amendment or removal of the Reprimand is appropriate because the facts underlying the Reprimand's conclusions are demonstrably false, see Am. Compl. ¶¶ 190–93, and that the amended complaint reviews those facts and the evidence the plaintiff has submitted to contradict them in great detail, see id. ¶¶ 115–74. For instance, the plaintiff alleges that he "was not designated as the [Technical Representative] on the relevant [Task Orders], nor was he ever instructed in the duties of a [Technical Representative] or trained in the execution of those duties," id. ¶ 118, that "he was not instrumental in obtaining funds for the task order in question" because "[his] actions were directed by the Chief, Army Reserve, the Deputy Chief, Army Reserve, and the Director of Staff, Office of the Chief, Army Reserve" and he "had no authority over the Senior Leaders Withholding Account, and could not authorize the release of funds from that account," id. ¶¶ 143, 134–35, that the charge that he failed to report a training that occurred in November 1998 is erroneous because no such training occurred in November 1998, id. ¶¶ 154–59, and that the plaintiff did not permit the contractor to write its own evaluations, id. ¶¶ 163–74. The plaintiff's allegations, if true, establish that he has discredited the factual underpinnings of the Reprimand, warranting relief under the authority discussed above, and he has thus amply satisfied all that Rule 12(b)(6) demands to avoid dismissal of his Privacy Act claim.

The defendant then argues that the plaintiff's Privacy Act claim is facially deficient because he seeks the removal or amendment of records that are exempt from the Privacy Act.

11

Def.'s Mem. at 18–23. The defendant contends that the Army Privacy Act regulations[3] are dispositive here and preclude the amendment or removal of a memorandum of reprimand generally and of the reprimand at issue here specifically. Def.'s Mem. at 18, 20–21. Section 505.6(a)(4) of the Code of Federal Regulations provides that "an individual is not permitted to amend records for events that have been the subject of judicial or quasi-judicial actions/proceedings." 32 C.F.R. § 505.6(a)(4) (2013). The Court finds no support for the defendant's argument that this provision universally exempts reprimands from the purview of the Privacy Act. To be sure, Kennedy v. Andrus, 459 F. Supp. 240 (D.D.C. 1978), and Bernard v. United States Department of Defense, 362 F. Supp. 2d 272 (D.D.C. 2005), on which the defendant relies, both generally support the proposition that the Privacy Act cannot be used to amend or remove agency judgments.[4] See Kennedy, 459 F. Supp. at 242 (noting that "[t]he Privacy Act Guidelines clearly forbid collateral attack in the case of final judicial or quasi-judicial actions and the same considerations would seem to apply to agency personnel actions, such as the reprimand here, for collateral attack under the Privacy Act could undermine the effectiveness of agency grievance systems" but expressly declining to premise its decision on this ground); Bernard, 362 F. Supp. 2d at 280 (rejecting Privacy Act claims challenging agency's

---

[3] The defendant also repeatedly cites 5 U.S.C. § 552a(k) in support of his proposition that judicial or quasi-judicial actions are exempt from the Privacy Act. Section 552a(k) contains no provision expressly exempting judicial or quasi-judicial actions from the purview of the Act, nor do judicial actions generally fit within the parameters of any of the listed exemptions. Accordingly, the Court finds no support for the defendant's argument on this point in the statutory language of the Act.

[4] The Court notes that Leib v. Veterans Administration, 546 F. Supp. 758 (D.D.C. 1982), also cited by the defendant in support of his argument on this point, Def.'s Mem. at 19, concerns a plaintiff's request for veterans' benefits as a remedy for a Privacy Act claim regarding the retention of documents in the plaintiff's file that would have been generated approximately twenty years prior to the Privacy Act's enactment into law, Leib, 546 F. Supp. at 761–62, and is therefore inapposite here. The defendant also relies on a slip opinion in Fields v. United States Nuclear Regulatory Commission, 98-1714 (D.D.C. 1999), but has not provided the opinion to the Court. See Def.'s Mem. at 19. Despite diligently searching, the Court has been unable to locate a copy of that opinion. Because the defendant has failed to provide a copy of this unpublished opinion, the Court will disregard the defendant's citation to it as support for his position.

substantive decisions). However, as this Court has twice held in this litigation and as authority from the United States Court of Appeals for the District of Columbia Circuit provides, "[i]f a subjective judgment is 'based on a demonstrably false' factual premise . . . the Privacy Act compels the agency to correct or remove the judgment from the complaining individual's record." Mueller, 485 F.3d at 1197 (citing White v. Office of Pers. Mgmt., 787 F.2d 660, 662 (D.C. Cir. 1986)). Whether or not the plaintiff can prevail on his claim is addressed below, but the Court rejects the defendant's argument that the plaintiff's claim is unequivocally barred solely because it seeks amendment or removal of a memorandum of reprimand.

The Court also rejects the defendant's argument that reprimands are generally exempt from the Privacy Act because the procedures outlined in Army Regulation 600-37 for the issuance and filing of reprimands render the decision to file a reprimand in an individual's file a quasi-judicial decision. Def.'s Mem. at 20–21. This argument is plainly at odds with Regulation 600-37, which expressly provides that the regulation "does not limit or restrict a soldier's right to request amendment of his or her records under the Privacy Act and [Army Regulation] 340-21."[5] Army Reg. 600-37 ¶ 7-5 (1986).

With respect to the plaintiff's reprimand specifically, the defendant argues that it is exempt from amendment or removal pursuant to the Privacy Act because it "has been considered previously by the ABCMR, and therefore has been the subject of a quasi-judicial proceeding." Def.'s Mem. at 20. Accepting the defendant's interpretation of § 505.6(a)(4) would result in the exemption of virtually every record challenged through the Privacy Act because a plaintiff would

---

[5] The defendant attaches the first six pages of Regulation 600-37 as an exhibit to his motion. See Def.'s Mem., Ex. 1. The Court notes that this exhibit omits the quoted language above explicitly providing that Regulation 600-37 does not limit an individual's right to seek amendment of his records pursuant to the Privacy Act, which is contrary to the defendant's argument on this point. The Court assumes that this omission was unintentional but admonishes counsel to exercise greater diligence when submitting authority to this Court in the future.

13

have to first exhaust his administrative remedies before commencing suit, thereby subjecting the record he is challenging to a quasi-judicial proceeding, rendering his record thereafter exempt from a Privacy Act challenge. The Court must reject this construction, which would lead to an absurd result.

Finally, the defendant argues that the Reprimand is exempt from the purview of the Privacy Act because it recompiles information from the Inspector General investigation conducted about the same events. Def.'s Mem. at 22–23. Inspector General investigative files themselves are exempt from amendment under the Privacy Act. 32 C.F.R. § 505.6(b)(7). The plaintiff does not seek amendment of any documents from the Inspector General investigation, but, relying on Doe v. FBI, 936 F.3d 1346 (D.C. Cir. 1991), the defendant states that "the D.C. Circuit has noted that information originally qualifying for subsection (k) protection retains that protection even if it is subsequently recompiled into a non-law enforcement record" and so "Inspector General investigations, along with later records that adopt or recompile the information from such investigations, are exempt from amendment under the Privacy Act." Def.'s Mem. at 23. The defendant is correct that this Circuit held that information contained in a record that is exempt from the Privacy Act as "investigatory material compiled for law enforcement purposes" pursuant to 5 U.S.C. § 552a(k)(2) "does not lose its exempt status when recompiled in a non-law enforcement record if the purposes underlying the exemption of the original document pertain to the recompilation as well." Doe, 936 F.2d at 1356. However, the Circuit went on to say further that the Court must engage in "an additional layer of analysis" in order to assess whether a document which recompiles information contained in an exempt document is itself exempt by "determining whether treatment of the [derivative document] as a law enforcement record would promote the purposes underlying the law enforcement

14

exemption," which requires the Court to "look to the reasons that the [agency] has given for promulgating [the pertinent] exemption." Id. at 1357. The defendant has presented no argument to the Court regarding the "additional layer of analysis" it must conduct in order to determine whether, as he contends, the plaintiff's Reprimand is exempt from amendment because it incorporates information derived from an exempt record. Because the defendant made no arguments on this point, the Court is lacking the benefit of the plaintiff's view on the issue as well. The Court thus declines to address the defendant's inadequately developed argument at this time. See Ry. Labor Execs.' Ass'n v. U.S. R.R. Ret. Bd., 749 F.2d 856, 859 n.6 (D.C. Cir. 1984) (declining to address argument "on the basis of briefing which consisted of only three sentences in the [appellant's] brief and no discussion of the relevant statutory text, legislative history, or relevant case law"). If the defendant wishes to pursue this argument, he may file an appropriately supported motion raising the issue.

Having rejected all of the defendant's arguments that the plaintiff's amended complaint fails to state a claim upon which relief may be granted, the Court now turns to the parties' arguments regarding summary judgment.

### C. Summary Judgment

#### a. The Plaintiff's Privacy Act Claim

As noted earlier, the Privacy Act "allows for correction of facts but not correction of opinions or judgments," McCready, 465 F.3d at 19, but "[i]f a subjective judgment is 'based on a demonstrably false' factual premise, . . . the Privacy Act compels the agency to correct or remove the judgment from the complaining individual's record," Mueller, 485 F.3d at 1197 (quoting White, 787 F.2d at 662). The defendant argues that the plaintiff cannot accomplish the removal of the Reprimand because General Keane's conclusion regarding the plaintiff's conduct

is a subjective judgment based on a variety of factors, including "his own experience in the Army and the customs of the service which establish what is expected of senior Army officers in guarding against the perception[] of impropriety and what is expected in how they perform their duties." Def.'s Mem. at 26–27.

Upon careful review of the Reprimand, the Court agrees that <u>removal</u> of the Reprimand is inappropriate because the plaintiff has not undermined the underlying basis for the judgment in its entirety. The plaintiff's difficulty here is that "subjective evaluations are necessarily premised on 'facts' of all shapes and sizes," with some "objective and identifiable, like a person's weight or a score on a test" but others "more subliminal and indefinable, like perceptions and impressions." <u>Mueller</u>, 485 F.3d at 1197–98 (citation omitted). While a Privacy Act claim may be asserted under such circumstances, it appears nearly impossible for a plaintiff to prevail on such a claim. <u>See, e.g.</u>, <u>id.</u> at 1197–98 (holding that the plaintiff could not prevail on Privacy Act claim seeking removal of an officer evaluation because there was no evidence of verifiable facts from which to conclude that the evaluation was "inaccurate"); <u>R.R.</u>, 482 F. Supp. at 775 (holding that even though the factual basis for psychiatrist's diagnosis had been discredited, the diagnosis could not be removed because the doctor did not rely exclusively on the erroneous facts). The same holds true here. Even if the Court were to conclude that the plaintiff had established that the objectively verifiable facts contained in the Reprimand were false, several of the considerations cited by General Keane as factors influencing his decision are simply unassailable. For instance, the Reprimand emphasizes the high standard of conduct expected of an officer of the plaintiff's rank, most notably opining that the plaintiff's "casual attitude toward [his] duties demonstrates . . . a troubling disregard for the special trust and confidence expected of an officer of [his] grade and position." A.R. at 000019. It is conceivable, perhaps even likely,

16

that even if the objective facts contained in the Reprimand were shown to be false, the plaintiff's conduct would still not be excused in General Keane's estimation because of this demanding standard and the plaintiff's "casual attitude toward [his] duties." Id. As this Circuit has instructed, "[w]here a subjective evaluation is based on a multitude of factors . . . and there are various ways of characterizing some of the underlying events, . . . it is proper [for the agency] to retain and rely on it." White, 787 F.2d at 662; see also R.R., 482 F. Supp. at 775 ("Where matters of professional judgment such as this are concerned, and the factual predicates for such opinions are diverse, it is next to impossible to reconstruct the process by which the opinion was formulated and determine what the opinion would have been."). Accordingly, the Court finds that the defendant is entitled to summary judgment as to the removal of the Reprimand from the plaintiff's military records.

However, as to whether amendment of any of the factual assertions contained in the Reprimand is warranted, see, e.g., McCready, 465 F.3d at 19 (remanding case to the district court to permit the plaintiff to challenge objectively verifiable facts contained in Inspector General reports, such as whether she had attended a meeting or not), the Court finds, as it did previously when confronted with a nearly identical record, that genuine disputes of material facts preclude entry of summary judgment, see ECF No. 32 at 6–7. For example, the Reprimand states that the plaintiff "allowed SY TECH representatives to prepare and submit their own evaluations," A.R. at 000019, but the plaintiff has presented a statement from Keith Skidmore, vice-president of SY Tech, which states that "[a]t no time did SY Technology prepare or submit either individual or company evaluations," A.R. at 000049. Accordingly, summary judgment on the amendment of factual assertions contained in the Reprimand is inappropriate. See Strang v. U.S. Arms Control & Disarmament Agency, 864 F.2d 859, 866 (D.C. Cir. 1989) ("The court might, for example,

17

entertain affidavits . . . and receive evidence . . . . If, after reviewing the parties' submissions, the court determines that a genuine issue of material fact exists . . . the court should deny [the appellee's] motion for summary judgment.").

### b. The Plaintiff's APA Claim

In addition to his Privacy Act claim, the plaintiff brings an APA claim challenging the unfavorable decisions by the ABCMR and the Privacy Review Board. Am. Compl. ¶¶ 199–217. The defendant argues that if the plaintiff may seek relief through the Privacy Act, he cannot also assert an APA claim on the same subject.[6] Def.'s Reply at 1–2 n.1 (citing Wilson v. McHugh, 842 F. Supp. 2d 310 (D.D.C. 2012)). Review under the APA is limited to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Section 704 "makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988). Thus, a plaintiff cannot bring an APA claim to obtain relief for an alleged Privacy Act violation. See, e.g., Wilson, 842 F. Supp. 2d at 320; Tripp v. Dep't of Def., 193 F. Supp. 2d 229, 238 (D.D.C. 2002); Mittleman v. U.S. Treasury, 773 F. Supp. 442, 449 (D.D.C. 1991). A review of the plaintiff's APA claim reveals that it is "simply a restatement of [his] Privacy Act claims," Mittleman, 773 F. Supp. at 449, and therefore must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court will deny the defendant's motion to dismiss, and grant the defendant's motion for summary judgment as to the plaintiff's claim under the APA

---

[6] The defendant raises this issue for the first time in a single sentence in his reply brief. See Def.'s Reply at 1 n.1. As explained above, this Court does not generally entertain arguments raised in such a cursory fashion. However, because this argument implicates the Court's subject matter jurisdiction, see Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005), it must be addressed in order to satisfy the Court's independent obligation to ensure that it may properly exercise jurisdiction over a claim, Auction Co. of Am. v. FDIC, 141 F.3d 1198, 1200 n.1 (D.C. Cir. 1998) (citations omitted).

and the removal of the Reprimand from his military records only. Finding that genuine issues of material fact otherwise preclude the entry of summary judgment, the Court will deny the defendant's motion for summary judgment in all other respects, and deny the plaintiff's motion for summary judgment.

**SO ORDERED**, this 16th day of April, 2014.[7]

REGGIE B. WALTON<br>
United States District Judge

---

[7] An Order consistent with this Memorandum Opinion shall be issued contemporaneously.